UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEROME D. CROWE,

                              Plaintiff,

v.                                                                        Case No. 25-cv-0961-bbc

NURSE MARY et al.,

                              Defendants.

---

## DECISION AND ORDER

---

Plaintiff Jerome Crowe is serving a state prison sentence at Dodge Correctional Institution and representing himself in this 42 U.S.C. §1983 action. On July 7, 2025, Crowe filed a complaint along with a motion for leave to proceed without prepaying the civil case filing fee. He has not yet filed his six-month trust account statement, which is required under 28 U.S.C. §1915(a)(2); his deadline to do so is September 2, 2025. If Crowe does not submit the required statement or explain why he is unable to do so by the deadline, the Court will deny his motion to proceed without prepaying the filing fee and will dismiss this action based on his failure to pay the filing fee. If Crowe submits the required statement, the Court will assess an initial partial filing fee pursuant to the formula in §1915(b)(1). The case will not proceed until Crowe pays the initial partial filing fee. Once he pays the initial partial filing fee, the Court will screen the complaint to identify cognizable claims, as required by 28 U.S.C. §1915A.

Since filing his complaint, Crowe has filed three motions for a temporary restraining order or preliminary injunction (Dkt. Nos. 3, 9, 14), a motion of retaliation (Dkt. No. 8), two motions to subpoena records (Dkt. Nos. 10, 16), two motions to notify (Dkt. Nos. 11, 17), and two motions to amend (Dkt. Nos. 12, 15). Many of these motions are unsigned, and none of them have merit,

so they will all be denied. As an initial matter, the Court reminds Crowe that under Fed. R. Civ. P. 11(a), he must sign every filing that he submits. Future filings that are unsigned will be stricken without additional notice.

As to Crowe's three motions for a temporary restraining order and/or a preliminary injunction, it is not clear what relief Crowe wants the Court to order. Crowe vaguely asserts that he has been threatened and mistreated while in the Dodge infirmary, and he recites the standards for the Eighth Amendment and the Fourteenth Amendment, but he does not ask for any specific relief. To the extent Crowe wants the Court to order specific medical treatment, the Court lacks the expertise and authority to enter such an order. *See* 18 U.S.C. §3626(a)(2) (requiring that, under the PLRA, preliminary injunctive relief "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm"). To the extent Crowe believes that he is receiving inadequate care, he should consider submitting an inmate complaint at the prison. After he exhausts the available administrative remedies at the prison, he may consider whether he wants to file a lawsuit. At this point, however, Crowe has not shown that he is entitled to any relief, so the Court will deny the motions. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)) (explaining that a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief").

Similarly, it is not clear what relief Crowe seeks in his "motion of retaliation." Again, he generally alleges that he is being harassed and intimidated because of his health issues, but he does not state what he wants the Court to do. It appears that these allegations would be more appropriately set forth in the complaint rather than a motion for injunctive relief. Indeed, it appears

that the allegations are largely redundant to the allegations in Crowe's complaint. The Court will therefore deny the motion.

The Court will also deny Crowe's motions to subpoena records. The Court does not have the authority to subpoena records on a party's behalf. To the extent Crowe wants the Court to conclude that he is unable to secure a copy of his trust account statement from the Shawano County Jail, he must first explain to the Court what efforts he has made to obtain a copy, including detailing the jail's procedures for requesting a copy and stating whether he complied with those procedures. The Court will not make these efforts on Crowe's behalf as it is his responsibility to comply with 28 U.S.C. §1915(a). As a reminder, assuming the Court eventually identifies cognizable claims in Crowe's complaint, Crowe will be allowed to use discovery to get the relevant documents and information that he believes he needs to prove his claims.

The Court will also deny Crowe's motions to notify. Apparently, Crowe was initially scheduled to be transferred to the Mayo Clinic for surgery, so he asked the Court to stay all pending deadlines. Crowe explains that the surgery has been postponed. Accordingly, his request for a stay is moot. Crowe is encouraged to keep the Court up to date if his mailing address changes. The Court reminds Crowe that the only pending deadline is the September 2, 2025 deadline by which he must submit his trust account statement.

Finally, the Court will deny Crowe's motion to amend his complaint to add a new party and a new claim. Crowe is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). Crowe should prepare an amended complaint like he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a

3

legal claim; (2) when and where it happened; (3) who was involved; and (4) what relief he wants the Court to provide. Crowe should set forth his allegations in short and plain statements, and he should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case. He should not include legal citations or argument. The Court will include a blank amended complaint form along with this decision; Crowe must use the form. *See* Civil L. R. 9(b).

Crowe is also reminded that prisoner plaintiffs must exhaust the available administrative remedies *before* they file a lawsuit. This means that, if Crowe did not complete the grievance process before he filed his lawsuit, this case may be subject to dismissal. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). If Crowe did not exhaust the administrative remedies before he filed this lawsuit, he may wish to voluntarily dismiss this action without prejudice so that he can complete the grievance process and comply with §1997e(a).

Finally, the Court encourages Crowe to focus on the only requirement currently before him—getting a copy of his trust account statement from the Shawano County Jail. Crowe is also reminded that it is not the Court's role to second-guess every medical and security decision made by prison staff. The Court accords prison officials "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional authority." *Hewitt v. Helms*, 459 U.S. 460, 472 (1983). Crowe should therefore refrain from filing motions with vague allegations of misconduct, particularly when no relief is requested or the relief that is requested is beyond the Court's authority to provide. He would be better served raising his concerns informally with supervisory staff or by filing an inmate complaint.

4

**IT IS THEREFORE ORDERED** that Crowe's motions for a temporary restraining order or preliminary injunction (Dkt. Nos. 3, 9, 14), his motion of retaliation (Dkt. No. 8), his motions to subpoena records (Dkt. Nos. 10, 16), his motions to notify (Dkt. Nos. 11, 17), and his motions to amend (Dkt. Nos. 12, 15) are **DENIED**. The clerk's office is directed to mail Crowe a blank amended complaint form and a copy of the prisoner litigation guide, which contains information that Crowe may find helpful as he determines how he wants to proceed.

Dated at Green Bay, Wisconsin on August 18, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge