UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEROME D. CROWE,

        Plaintiff,

        v.                                             Case No. 25-cv-0961-bbc

NURSE MARY, NURSE NICOLE,
NURSE DYLAN, NURSE AMANDA,
MS. COLK, CO SMITH,
AMY RADCLIFFE, and DON,

        Defendants.

---

## SCREENING ORDER

---

    Plaintiff Jerome Crowe, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On August 22, 2025, Crowe paid the $405 civil case filing fee. Accordingly, the Court will deny as moot his motion for leave to proceed without prepaying the filing fee and will screen the complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

    The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a

cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Crowe's complaint violates Fed. R. Civ. P 8 in that it fails to include a "short and plain statement" showing that he is entitled to relief. Specifically, the complaint is long on general accusations but short on specific factual allegations that would allow the Court to reasonably infer that a particular defendant violated Crowe's constitutional rights. For example, Crowe asserts that his medical needs are being ignored by staff and that he has had to endure medical abuse, but he does not describe with sufficient detail who allegedly ignored or abused him, when it happened,

2

what the person did or did not do, or how the actions or inactions impacted him. To state a claim, Crowe must provide more than an unadorned accusation that he was harmed.

The only incident that Crowe describes with at least minimal detail involves the temporary fix of a PICC line that he explains is needed to address a stomach injury. Per the exhibits attached to Crowe's complaint, the PICC line began to leak, so nurses called the on-call doctor, who instructed that Crowe be transported to the hospital to have the line replaced. However, because it was the weekend, the nurses believed there was only a "slim" chance the line would be replaced before Monday. Accordingly, the nurses taped the line to stop the leak until the line could be replaced. The on-call doctor was informed of the nurses' actions. Crowe asserts that such actions exposed him to a risk of infection, but he does not allege that he actually contracted an infection. "In order to succeed in a § 1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages." *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020). Because Crowe does not allege that he suffered any actual harm (as opposed to a *risk* of harm) from the nurses' actions, he does not state a claim against them.

Finally, it appears that Crowe wants to bring unrelated claims against different sets of defendants in the same case. Fed. R. Civ. P. 18 and 20 prohibit him from doing so. While multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Accordingly, claims based on allegations that officers treated Crowe poorly cannot be joined in the same case as claims based on allegations that medical staff were deliberately indifferent to his serious medical condition unless those claims rise out of the same transaction or occurrence. Thus, if Crowe wants to pursue claims against officers who allegedly called him names or were otherwise unkind to him,

he will have to pursue those claims in a separate case. The Court reminds Crowe that he will have to pay a filing fee for every new case he files.

As noted, the complaint fails to state a claim upon which relief can be granted. Therefore, if Crowe wants to proceed with this lawsuit, he will need to file an amended complaint by **October 8, 2025**, that cures the deficiencies identified in this decision. Crowe should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened (or did not happen) to make him believe he has a legal claim, including details about his medical condition and whatever needs he has because of that condition; (2) when it happened; (3) who did it; (4) how that person's actions or inaction impacted him; and (5) what relief he wants the Court to provide. Crowe should set forth his allegations in short and plain statements. Crowe should also make sure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Crowe is advised that the amended complaint will replace the original complaint, so it must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Crowe's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Crowe's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED as moot** because Crowe paid the full filing fee.

**IT IS FURTHER ORDERED** that on or before **October 8, 2025**, Crowe may file an amended complaint curing the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Crowe is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on September 8, 2025.

> s/ *Byron B. Conway*
> BYRON B. CONWAY
> United States District Judge