UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEROME D. CROWE,

        Plaintiff,

        v.                                          Case No. 25-cv-0961-bbc

NICOLE JUAREZ,
DYLAN GOLEMYESKI,
AMANDA SPOERL, and
JOHN/JANE DOE.

        Defendants.

---

## SCREENING ORDER

---

    Plaintiff Jerome Crowe, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On September 8, 2025, the Court screened the complaint and after concluding it failed to state a claim upon which relief could be granted, gave Crowe the opportunity to file an amended complaint, which he did on September 25, 2025. This decision screens the amended complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

    The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Crowe, in June 2025, during evening medication pass, Nurse Dylan Golemyeski entered Crowe's cell to give him his medication and hook up his IV. Crowe asserts that Nurse Dylan took a saline syringe and began to push little amounts of air into his PICC line until it burst. He states that Nurse Dylan then pushed saline into the line, which came out of the hole in the PICC line. According to Crowe, Nurse Dylan went for help, and Nurse Amanda called the doctor. The doctor allegedly instructed the nurses to pull the line and send Crowe to the emergency room. Instead, Nurse Nicole allegedly grabbed some tape and told a nurse to call the doctor back as she taped the line to stop the leak. Crowe states that Nurse Dylan repeatedly asked her to use alcohol to address the risk of infection. According to Crowe, a few hours later, Nurse Kathy pulled the line out pursuant to the doctor's orders. Crowe explains that he was sent to the hospital the next day for surgery and to check for infection. Crowe asserts that taping the line could have led to an infection or death.

## ANALYSIS

Crowe fails to state a federal claim upon which relief can be granted. With regard to Nurse Dylan, the only reasonable inference is that he inadvertently caused the PICC line to burst, an action which amounts at most to negligence. However, it has long been held that medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference and

2

therefore fails to state a claim under the Eighth Amendment. *See Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 592 (7th Cir.1999); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) ("An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain.").

Further, as explained in the original screening order, "[i]n order to succeed in a § 1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages." *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020). Being exposed to a *risk* of harm does not entitle a plaintiff to damages. *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996). Crowe alleges only that Nurse Nicole could have exposed him to an infection by taping the PICC line, but a risk of infection is not a compensable injury. *See Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011). Crowe therefore fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin on October 1, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge